IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-2692

**SARAH ASHTON-CIRILLO**,
    Plaintiff,

v.

**TWITTER, INC.,**
    Defendant.

---

## DEFENDANT TWITTER, INC.'S NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Twitter, Inc. ("Twitter") hereby removes to this Court the state court action filed in the District Court of Colorado for Denver County entitled *Sarah Ashton-Cirillo v. Twitter, Inc.*, Case No. 2022-CV-31861 (the "State Court Action").

## BACKGROUND

On July 5, 2022, Plaintiff Sarah Ashton-Cirillo commenced this action captioned *Sarah Ashton-Cirillo v. Twitter, Inc.*, No. 2022CV31861, in the District Court of Colorado for Denver County. Ashton-Cirillo served Twitter with the complaint and summons on September 30, 2022.

The complaint alleges that Plaintiff Ashton-Cirillo, the sole plaintiff, is a resident and domiciliary of the state of Nevada, and that Defendant Twitter, the sole defendant, is headquartered in the state of California. Compl. ¶¶ 7, 8. The complaint alleges that there is "subject-matter jurisdiction in the form of diversity of citizenship under 28 U.S.C. § 1332

because the amount in controversy exceeds $75,000.00 and the Plaintiff and Defendant are citizens and domiciliaries of different states." Compl. ¶ 9.

True and correct copies of all process, pleadings, and orders filed in the State Court Action are attached hereto, as required by 28 U.S.C. § 1446(a):

- Exhibit A: A true and correct copy of the state court docket sheet.
- Exhibit B: A true and correct copy of the complaint.
- Exhibit C: A true and correct copy of the process documents, including the proof of service.
- Exhibit D: A true and correct copy of the District Court of Colorado for Denver County's Order to Show Cause/Notice of Pending Dismissal.

**GROUND FOR REMOVAL**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.

*First*, the complaint satisfies 28 U.S.C. § 1332's diversity requirement because it is between "citizens of different states." 28 U.S.C. § 1332(a)(1). "Under 28 U.S.C. § 1332, a party must show that complete diversity of citizenship exists between the adverse parties." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). As alleged in the complaint, the only adverse parties—Ashton-Cirillo and Twitter—"are citizens and domiciliaries of different states." Compl.

¶ 9.  Ashton-Cirillo "is a resident and domiciliary of the state of Nevada" and "[a]t all times material to this action … has been in the nation of Ukraine."  Compl. ¶ 7.  Twitter is, and was at the time the State Court Action was filed, a Delaware corporation with its principal place of business in San Francisco, California.  *See* Compl. ¶ 8; Exhibit 1.  Twitter therefore is a citizen of California and Delaware for diversity purposes.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").  Because Ashton-Cirillo and Twitter do not share a state of residency, complete diversity exists.  *See* 28 U.S.C. § 1332(c)(1).

*Second*, the amount in controversy exceeds $75,000.  According to the complaint, "the amount in controversy exceeds $75,000."  Compl. ¶ 9.  In addition, on the District Court Civil Cover Sheet, Plaintiff checked the box indicating that "[a] monetary judgment over $100,000 is sought."  Exhibit C. Twitter disputes that it is liable to Ashton-Cirillo and that Ashton-Cirillo suffered any injury or incurred damages in any amount whatsoever as a result of Twitter's alleged conduct.  But for purposes of satisfying the jurisdictional prerequisites of 28 U.S.C. § 1332(b), the amount in controversy as alleged and asserted by Ashton-Cirillo plainly exceeds $75,000.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-88 (2014) (plausible allegation of amount in controversy sufficient for removal).

*Finally*, this notice of removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days from September 30, 2022, the date on which Twitter was served with a copy of the complaint and summons.  Removal to this court is proper because the action is being removed from the District Court of Colorado for Denver County, which lies within the District of

Colorado. *See* 28 U.S.C. §§ 1441(a) and 1446(a). Twitter will, promptly after the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), give written notice of the Notice of Removal to Plaintiff and file a copy of this Notice of Removal with the Clerk of the District Court of Colorado for Denver County.

**RESERVATION OF DEFENSES**

By filing this Notice of Removal, Twitter does not waive any defenses that may be available to it, including without limitation any defenses relating to service, process, and jurisdiction, and does not concede that the allegations in the complaint state a valid claim under any applicable law.

**CONCLUSION**

For the reasons stated above, Twitter hereby removes the above-captioned case pending in the District Court of Colorado for Denver County to the District of Colorado, as provided by law.

DATED: October 13, 2022                     Respectfully submitted,

    /s/ Shelby Martin

SHELBY L. MARTIN (# 43587)
shelby.martin@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Telephone: (720) 274-3149

*Attorney for Defendant Twitter, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2022, a true and correct copy of the foregoing TWITTER, INC.'S NOTICE OF REMOVAL was with filed with the Clerk of Court using the CM/ECF system and that the same was emailed and mailed to the following:

Ian T. Hicks, Reg. No. 39332
The Law Office of Ian T. Hicks LLC
6000 East Evans Avenue, Building 1, Suite 360
Denver, Colorado, 80222
Telephone: (720) 216-1511
Facsimile: (303) 648-4169
E-mail: ian@ithlaw.com

/s/ Shelby Martin
SHELBY MARTIN