UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SARAH ASHTON-CIRILLO,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER INC.,<br><br>Defendant. | Case No. 23-cv-00086-LB<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION AND STATEMENT

The plaintiff sued Twitter in Colorado state court after third parties allegedly harassed her on the Twitter platform by tweeting transphobic insults and threats. Twitter removed the case to federal court in the District of Colorado, which transferred the case here.[1] Twitter moved to dismiss the complaint on April 13, 2023.[2] As the docket sheet shows, the plaintiff's opposition or statement of non-opposition was due on April 27, 2023.[3] N.D. Cal. Civ. L.R. 7-3(a). The deadline

---

[1] Compl. – ECF No. 7; Notice of Removal – ECF No. 1; Order – ECF No. 16. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 33.

[3] Docket Entry – ECF No. 33.

ORDER – No. 23-cv-00086-LB

for any amendment as of right was May 4, 2023. Fed. R. Civ. P. 15(a)(1)(B). The plaintiff did not file an opposition or an amended complaint.

The court issued six notices to the plaintiff's counsel to consent to proceed before a magistrate judge or request reassignment.[4] The court's courtroom deputy also left a voicemail about the failure to file an opposition or respond to the court's notices about consent. The plaintiff's counsel did not respond to the notices or the voicemail. Twitter's counsel has contacted the plaintiff's counsel many times, including on March 14, 16, 28, and 29 to alert him about the consent issue. The plaintiff's counsel responded to the March 16 email, saying that he would "follow up today" and otherwise did not respond.[5] On April 14, Twitter's counsel emailed a copy of the motion to dismiss to the plaintiff's counsel and advised him about the fifth notice regarding consent. Counsel did not respond.[6] On April 27, Twitter's counsel emailed the plaintiff's counsel to remind him that the opposition was due that day and told him about the court's sixth notice regarding consent. On April 28, the plaintiff's counsel responded, saying that he was no longer representing the plaintiff and would put Twitter's counsel in contact with the plaintiff directly. As of May 10, he had not done so.[7]

After these communications with the plaintiff's counsel, Twitter's counsel learned that the plaintiff's counsel was suspended from the practice of law for thirty months, beginning March 2, 2023.[8]

There are two issues. One, under the court's rules, withdrawing counsel has obligations to the client and must serve all papers on the client until the client appears in the case, either through new counsel or pro se. He also faces disciplinary sanctions for his conduct. Two, the plaintiff must participate in the litigation and risks dismissal of the case for failure to prosecute it if she does not. The court issues this order to give notice to the plaintiff and her counsel of the consequences of not

---

[4] Clerk's Notices – ECF Nos. 19, 27, 29, 31, 35, & 36.

[5] Holtzblatt Decl. – ECF No. 37-1 at 2 (¶¶ 3–6).

[6] *Id.* (¶ 8).

[7] *Id.* at 3 (¶¶ 9–10).

[8] *Id.* (¶ 11).

1  participating in the litigation, including monetary sanctions and dismissal of the case for failure to
2  prosecute it.
3     The court sets a show-cause hearing on May 25, 2023, at 9:30 a.m. via Zoom and orders
4  withdrawing counsel and the plaintiff to appear. By May 18, 2023, the plaintiff must file an
5  opposition or a statement of non-opposition to the motion to dismiss. If that is not enough time,
6  she may propose a schedule. Within two business days, the plaintiff's counsel must give Twitter's
7  counsel the plaintiff's contact information, serve a copy of this order on the plaintiff, give her the
8  Zoom information, and file a statement demonstrating compliance with this order and service on
9  the plaintiff.

**ANALYSIS**

11  Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by
12  order of the Court after written notice has been provided, reasonably in advance, to the client and
13  to all other parties who have appeared in the case." Until the client obtains other representation,
14  motions to withdraw as counsel may be granted on the condition that current counsel continue to
15  serve on the client all papers from the court and from the opposing parties. N.D. Cal. Civ. L.R. 11-
16  5(b). The plaintiff's counsel has not complied with the rules about withdrawal. The court
17  understands that he cannot practice law, but that does not excuse formal notice, and it does not
18  relieve him from the obligation to serve the plaintiff with the papers in the case or, at minimum,
19  tell Twitter's counsel his former client's contact information. Conduct like this also is subject to
20  discipline under the court's local rules. N.D. Cal. Civ. L.R. 11-6.
21     For a complete record, the court also sets forth the standard for sanctions.

**1. Terminating sanctions**

24  Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to
25  comply with these rules or a court order, a defendant may move to dismiss the action or any claim
26  against it." A dismissal order "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).
27     "Rule 41(b) specifically provides that the failure of the plaintiff to prosecute his claim is
28  grounds for involuntary dismissal of the action. The courts have read this rule to require

ORDER – No. 23-cv-00086-LB               3

prosecution with 'reasonable diligence' if a plaintiff is to avoid dismissal." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). "This court has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id.* "The law presumes injury from unreasonable delay." *Id.* "However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion." *Id.*

In *Yourish v. California Amplifier*, the Ninth Circuit applied the same five-factor standard considered in Federal Rule of Civil Procedure 37(b) cases in a Rule 41(b) case. 191 F.3d 983, 989–92 (9th Cir. 1999). "Under our precedents, in order for a court to dismiss a case as a sanction, the district court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 990 (cleaned up). "We may affirm a dismissal where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Id.* (cleaned up). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and we may review the record independently to determine if the district court has abused its discretion." *Id.* (cleaned up). "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).[9]

---

[9] "This 'test,'" the Ninth Circuit has explained, "is not mechanical." "It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow:

> Like most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just. The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof.

*Conn. Gen.*, 482 F.3d at 1096.

ORDER – No. 23-cv-00086-LB                               4

"A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." *Id.*

A party suffers sufficient prejudice to warrant case-dispositive sanctions where the disobedient party's actions "impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (cleaned up).

Before ordering a terminating sanction, a court must warn the plaintiff and try other sanctions first. For example, a district court's failure to warn a party that dismissal is being considered as a sanction weighs heavily against the sanction. *U.S. ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 605 (9th Cir. 1988). Although "[a]n explicit warning is not always required, at least in a case involving 'egregious circumstances,'" "[i]n other circumstances, the failure to warn may place the district court's order in serious jeopardy." *Id.* Indeed, "[f]ailure to warn has frequently been a contributing factor in [Ninth Circuit] decisions to reverse orders of dismissal." *Id.* (cleaned up).

## 2. Monetary sanctions: Federal Rules of Civil Procedure 37(d)(3) and (b)(2)(C)

Rules 37(d)(3) and (b)(2)(C) provide that courts must require the party failing to act, the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. "Under Rule 37(b)(2), which has the same language as Rule 37(d), the burden of showing substantial justification and special circumstances is on the party being sanctioned." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994).

Federal courts use the lodestar method to determine a reasonable attorney's fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). The court calculates a "lodestar amount" by multiplying the number of hours counsel reasonably spent on the litigation by a reasonable hourly rate. *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The burden of proving that claimed rates and number of hours worked are reasonable is on the party seeking the fee award. *Blum v. Stenson*, 465 U.S. 886, 897

(1984). The court may adjust the award from the lodestar figure upon consideration of additional factors that may bear upon reasonableness. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

**3. Order to Appear on May 25, 2023**

By May 18, 2023, the plaintiff must file an opposition or a statement of non-opposition to the motion to dismiss. If that is not enough time, she may propose a schedule. Within two business days, the plaintiff's counsel must give Twitter's counsel the plaintiff's contact information, serve a copy of this order on the plaintiff, give her the Zoom information, and file a statement demonstrating compliance with this order and service on the plaintiff.

The court sets a show-cause hearing on May 25, 2023, at 9:30 a.m. via Zoom and orders withdrawing counsel and the plaintiff to appear. The link is available at https://www.cand.uscourts.gov/judges/beeler-laurel-lb/. If they do not appear, they risk the court's imposition of sanctions, including a monetary sanction awardable to Twitter for any costs it incurs because of the plaintiff's counsel's failure to prosecute the case. Ultimately, if the plaintiff does not participate in her litigation, she risks dismissal of her case for failure to prosecute it, which will result in a judgment being entered in favor of Twitter.

**IT IS SO ORDERED.**

Dated: May 14, 2023

_____
LAUREL BEELER
United States Magistrate Judge